# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bill Patt, Corey Bergerson, and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, et al, | Civil No. 18-2592 (DWF/LIB) |
| Plaintiffs, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT** |
| v. | |
| H & S Contracting, Inc., | |
| Defendant. | |

This matter came on for hearing before the undersigned on February 1, 2019 on Plaintiffs' Motion for Entry of Judgment. (Doc. No. 10.) Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. The Complaint was filed with the Court on September 5, 2018. (Doc. No. 1). The Summons and Complaint was served on Defendant H & S Contracting, Inc. ("H & S Contracting") on September 12, 2018. (Doc. No. 4.)

2. H & S Contracting failed to file and serve a response or Answer to the Summons and Complaint. Accordingly, the Clerk entered default on October 4, 2018. (Doc. No. 9.)

3. H & S Contracting was served with the Trustees' Motion for Entry of Judgment on December 8, 2018.

4. Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. Defendant H & S Contracting is bound by a series of collective bargaining agreements negotiated between the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the International Union of Operating Engineers, Local No. 49 ("CBAs").

8. The CBAs require H & S Contracting to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the CBAs for each hour worked by its employees covered by the CBAs.

9. The CBAs further require H & S Contracting to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with H & S Contracting's monthly contribution payment.

10. The CBAs state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

11. The CBAs permit the Funds or their authorized agents to examine employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

12. And the CBAs require H & S Contracting to promptly furnish to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to their employees covered by the CBAs for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

13. Accordingly, the CBAs also require H & S Contracting to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether H & S Contracting is accurately reporting hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

14. The Funds' auditor requested that H & S Contracting produce a complete set of its payroll and employment records for the period of January 1, 2014 through October 31, 2017 ("Audit Period").

15. H & S Contracting produced its payroll and employment records for the Audit Period and the Funds' auditor determined there were hours worked by H & S

Contracting's employees covered by the CBAs for which H & S Contracting did not submit the required contributions to the Funds. Specifically, the Funds' auditor determined that $19,661.67 is due and owing for delinquent contributions for the Audit Period.

16. H & S Contracting breached the terms of the CBAs and Trust Agreements by failing to pay the total amount due for delinquent contributions for the Audit Period.

17. The CBAs state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

18. Liquidated damages in the amount of $2,949.25 are due and owing for the Audit Period.

19. Following the filing of this lawsuit, the Trustees' received one partial payment in the amount of $3,850.33 for which it is entitled to a credit. Following application of that credit, $18,760.59 remains due and owing for unpaid contributions and liquidated damages.

20. The CBAs state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorney fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

21. The Funds incurred attorney fees and costs in the amount of $2,300.63 pursuing this delinquency.

## CONCLUSIONS OF LAW

1. Defendant H & S Contracting, Inc. is in default and the Funds are entitled to entry of a default judgment.

2. Defendant H & S Contracting, Inc. is liable to the Funds in the amount of $18,760.59 for delinquent contributions and liquidated damages.

3. Defendant H & S Contracting, Inc. is liable to the Funds in the amount of $2,300.63 for the Funds' reasonable attorney fees and costs.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. [10]) is **GRANTED**.

2. That judgment in the amount of $21,061.22 be entered against Defendant H & S Contracting, Inc. and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: February 1, 2019
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge